UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

J. SCHLUNT,

        Plaintiff,

vs.                                                Case No.  3:05-cv-666-J-25MCR

VERIZON  DIRECTORIES SALES-WEST,
INC.,a foreign corporation,

        Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion for Independent Medical Examination (Doc. 12) filed May 17, 2006.  Plaintiff filed a response in opposition on May 26, 2006.  (Doc. 13).  Accordingly, the matter is ripe for judicial review.

## **I.  BACKGROUND**

Plaintiff filed an action against Defendant alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. §1981 and the Florida Civil Rights Act ("FRCA").  (Doc. 2).  Essentially, the complaint alleges Defendant subjected Plaintiff to harassment on the basis of her sex and that Plaintiff's employment was ultimately terminated in retaliation for complaining of sexual harassment.  (Doc. 2).  Plaintiff claims she suffered mental anguish, humiliation, embarrassment, and shame as a result of her experiences working for Defendant. (Doc. 12-2, p. 2).  Plaintiff seeks compensatory damages for these claims, as well as back pay and punitive damages.  (Doc. 1).

Prior to filing the instant action and while Plaintiff was still employed with Defendant, Plaintiff was seen by a licensed clinical social worker, Ms. Mary Hoskins ("Ms. Hoskins") because of events which occurred at the workplace. (Doc. 15-3, pp. 1-4). Ms. Hoskins diagnosed Plaintiff with Adjustment Disorder, with mixed anxiety and depression. Id. at 4. Plaintiff has listed Ms. Hoskins as a possible witness in her initial disclosures to Defendant, however, Plaintiff states that she does not anticipate designating any expert witnesses to testify regarding any permanent, significant, or long term psychiatric injury or impairment. (Doc. 13, p. 5).

In March 2006, Defendant took the Plaintiff's deposition and when asked to describe her current mental condition, Plaintiff responded: "I really have never recovered from what has happened to me." (Doc. 12-3, p. 18). Defendant then asked her whether she has improved at all, and she responded: " No, I don't think I will ever." Id. Plaintiff further testified she continues to have trouble sleeping because of the sexual harassment. Id. at 15. Additionally, Plaintiff testified that the actions of the men in her office caused her so much stress that she did not want to get married or be around men. Id. at 7-10. In fact, Plaintiff testified that she called off her wedding for a period of time due to her supervisors' actions. Id. at 8.

Defendant filed the instant motion seeking an Order compelling Plaintiff to undergo an IME with Dr. Eric M. Kaplan at a date and time reasonable for both parties but before July 3, 2006, the discovery deadline. (Doc. 12, p. 2). Defendant states the exam will take one day and will consist of an oral interview and testing sessions. Id. Defendant further provides that the scope of the examination will be the existence,

source, and severity of the health conditions that Plaintiff claims have arisen out of her employment with Defendant. Id. Defendant requests the exam take place at a hotel conference room in Jacksonville, Florida. Notwithstanding Plaintiff's opposition to the IME, she requests, in the event the Court orders an IME, an order allowing either Plaintiff's counsel and/or a court reporter to attend the exam and permission to make a tape recording of the session. (Doc. 13, p. 9).

## II. DISCUSSION

### A. Fed. R. Civ. P. 35(a)

Rule 35(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> When the mental or physical condition (including the blood group) of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a). Accordingly, to be entitled to an IME, Defendant must establish that Plaintiff has put her mental condition "in controversy" and must also show "good cause" for the IME. Federal district courts typically rely on the following factors when addressing the "in controversy" requirement in Rule 35:

> [Rule 35 motions] are typically granted when one or more of the following factors are present: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) the plaintiff's offer of expert testimony to support a claim of

> emotional distress; and/or (5) the plaintiff's concession that her mental condition is "in controversy" within the meaning of Rule 35.

Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 322 (N.D. Ga. 2000).  Courts often merge the factors used to determine "good cause" with those used to demonstrate the 'in controversy' requirements.  Id.  Moreover, courts have found good cause when questions arise regarding the substantial cause and extent of emotional problems.  Id. at 323 (citing Eckman v. University of Rhode Island, 160 F.R.D. 431, 434 (D. R.I. 1995).

Here, Defendant argues the foregoing excerpts from Plaintiff's deposition make it clear she is alleging unusually severe emotional distress under the third factor in the Bethel analysis.  (Doc. 12, p. 7). Namely, Plaintiff's emotional distress is continuing in that she is still having sleep problems because of the incidents which took place when she was employed by Defendant and she testified that she has not emotionally recovered from such incidents and believes she never will.  Moreover, such incidents were severe enough to cause Plaintiff to postpone her wedding because she did not want to be around men and her ability to work was also compromised.  Id. at 3-4.

Defendant asserts that Plaintiff statements which allude to severe emotional problems, as well as her diagnosis of Adjustment Disorder, with mixed anxiety and depression, put her claims "in controversy" and demonstrate good cause.  Id.  Finally, Defendant asserts that good cause exists because Plaintiff has testified to additional sources of trauma which may be attributed to her emotional distress.  Id. at 8.  Specifically, Defendant points out: Plaintiff's prior marriage ended in less than two years; she suffered from other partially-undisclosed health problems which caused her

to check into the Mayo Clinic and miss work; and she was burglarized, battered and assaulted by a private investigator, which caused her to seek counseling. Id. at 8-9.

Plaintiff, on the other hand, argues her claims that her mental state has been adversely affected are "garden variety" emotional distress claims which are common in sexual harassment cases. (Doc. 13, p. 5). She states that Plaintiff's claims fail to show that her personality or inherent behavioral traits have been altered or affected by Defendant's sexual harassment or retaliation. Id. at 7. Plaintiff further argues she has not plead any specific emotional injury, nor has she asserted any common law tort claims for infliction of such an injury. Id. at 5. Finally, Plaintiff states she does not anticipate any expert psychologist or psychiatrist testimony as to any mental injury or serious permanent psychiatric disturbance. Id. Consequently, Plaintiff does not believe Defendants have shown that Plaintiff's claims are "in controversy" and that good cause exists for compelling an IME.

The Court finds that Plaintiff has alleged she is suffering from an ongoing emotional condition which is sufficient to meet the Rule 35 "in controversy" and "good cause" requirements. Henry v. City of Tallahassee, No. 4:99cv482-WS, 2000 WL 33310900, *2 (N.D. Fla. Dec. 6, 2000) ("A Rule 35(a) examination may be warranted if a claim of *continuing* emotional distress is made"). The Court finds Plaintiff's explicit statements that she is still having trouble sleeping and that emotionally she has not recovered and does not believe she ever will, are sufficient to put her mental condition "in controversy." Moreover, the Court believes Defendant should have a reasonable opportunity to challenge Plaintiff's claims and testimony irregardless of whether Plaintiff

offers expert testimony on the subject.  Although Plaintiff may not intend to offer expert testimony, she will likely testify herself regarding her mental condition and she may call Ms. Hoskins as a lay witness.  "The testimony of an expert is a well recognized and reasonable way of [challenging Plaintiff's claims and testimony], and an examination of plaintiff by that expert is necessary for the expert to form a meaningful opinion."  Ali v. Wang Laboratories, Inc., 162 F.R.D. 165, 168 (M.D. Fla. 1995).  It is irrelevant that Plaintiff does not intend to call her own expert.  Id.  It is also irrelevant that Plaintiff has not claimed her personality or inherent behavioral traits have been altered rather than affected, as Rule 35 simply requires a person's mental condition to be in controversy – it does not require specific claims of personality alterations or behavioral disorders.

Because Plaintiff's mental condition is in controversy and because Defendant has questions concerning the extent and causation of Plaintiff's emotional distress, the Court finds good cause exists for an IME.

**B.    Conditions of the Examination**

Plaintiff opposes a full day long exam because it raises concerns regarding the relevance and intrusiveness of such exam.  Plaintiff also requests that in the event this Court grants Defendant's motion, Plaintiff's counsel and/or a court reporter should be permitted to attend the IME and make a tape recording of the session.  (Doc. 13, p. 9). Plaintiff cites a Florida case for the proposition that Florida law permits attorneys to attend both psychiatric examinations as a matter of course.  Id.  Plaintiff does not, however, cite any federal cases on this issue, nor does she offer any substantial reason for requesting permission of her attorney and a tape recording of the exam.

Notably, Rule 35 does not address the issue of who is authorized to attend examinations. Pursuant to the general rules of discovery and specifically, Fed. R. Civ. P. 26, the Court has the capacity to order conditions on the IME if it believes such conditions are required to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Bethel, 192 F.R.D. at 323. The majority of federal courts, however, have held that attorneys, court reporters, and recording devices are distractions that may compromise the accuracy of the examination and turn a neutral examination into an adversarial event. See e.g. Bethel, 192 F.R.D. at 324, Shirsat . Mutual Pharmaceutical Co. Inc., 169 F.R.D. 68, 70 (E.D. Pa. 1996) ("the presence of an observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry . . . it is recognized that psychological examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient").

It is Plaintiff's burden to show good reason for these requests, as the presence of a lawyer or court reporter, during a mental examination is not typically necessary or proper. See Wheat v. Biesecker, 125 F.R.D. 479, 480 (N.D. Ind. 1989) (denying a protective order seeking to prevent an examination without the presence of the plaintiff's attorney and stating, "[t]he presence of the lawyer for the party to be examined is not ordinarily either necessary or proper."). Indeed, the language in Rule 35 adequately safeguards Plaintiff by authorizing her to obtain a detailed written report of the examiner setting forth the examiner's specific findings. Id. Importantly, Plaintiff may raise any objection she has as to relevance of any finding from the exam at or before trial.

Plaintiff fails to offer a satisfactory explanation as to why Rule 35's safeguard is insufficient. Thus, Plaintiff has not persuaded the Court that her attorney, a court reporter, or a tape recorder ought to be present during the examination. While the Court recognizes Plaintiff's concerns regarding the intrusiveness of the exam, it must point out that a mental exam is intrusive by nature. The Court, however, will limit the length of the exam to no more than five (5) hours and the scope of the exam to information that may reasonably relate to the issues of causation and the existence and extent of the mental distress suffered by Plaintiff as an element of her claimed damages in the instant case. The Court is hesitant to limit the types of tests which should be administered, as it believes Dr. Kaplan is more informed to make such a judgment.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendant's Motion for Independent Medical Examination (Doc. 12) is **GRANTED**.

2. The mental examination shall be conducted by Dr. Eric M. Kaplan, M.D., at a date and time reasonable for both parties but before the July 3, 2006, discovery deadline date. The exam should take place at a hotel conference room in Jacksonville, Florida, and the total time required of Plaintiff should not exceed **five (5) hours** absent good cause shown. The court will not attempt to limit the type of tests administered by Dr. Kaplan, although the scope of the exam should be limited to information that may reasonably relate to the issues of causation and the extent of the mental distress suffered by Plaintiff as an element of her claimed damages in the instant case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  12th  day of June, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party